IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK H. BAKER,

        Petitioner,

v.

TONY SANTOS, Superintendent, Eastern Oregon Correctional Institution,

        Respondent.

CV. 03-1269-AS

FINDINGS AND RECOMMENDATION

ASHMANSKAS, Magistrate Judge:

Petitioner Baker, an inmate at the Eastern Oregon Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court are Baker's Petition for Writ of Habeas Corpus (Docket No. 2), and Baker's Motion for Leave to Expand the Record (Docket No. 44). For the reasons that follow, the motion to expand should be GRANTED, but Baker's petition should be DENIED as untimely, and this action should be DISMISSED.

## BACKGROUND

Baker is in custody of the Oregon Department of Corrections pursuant to a 1988 conviction

for Assault in the Second Degree, Kidnapping in the First Degree, and Unauthorized Use of a Vehicle, and pursuant to a 1989 conviction for Sexual Abuse in the First Degree. Baker was sentenced to a total of 40 years in prison, with a mandatory minimum of almost 18 years.

Baker does not challenge his convictions, but rather a decision by the Oregon Board of Parole and Post-Prison Supervision (the "Board") to defer his parole release date. On June 27, 1989, the Board conducted an initial prison term hearing, overrode the mandatory minimum, and set a parole release date of July 25, 2000, for a total sentence of 150 months. On January 25, 2000, the Board held a release hearing, concluded that Baker suffered from a present severe emotional disturbance, and deferred his release date by 24 months for a new projected parole release date of July 25, 2002. Baker sought administrative review of the Board's decision. The Board affirmed its prior decision in a response dated May 5, 2000, and mailed on May 16, 2000.

On November 13, 2000, Baker filed a petition for writ of habeas corpus in Marion County Circuit Court, which later denied relief. Baker appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Baker v. Palmateer*, 182 Or. App. 384, 52 P.3d 448, *rev. denied*, 334 Or. 631, 54 P.3d 1041 (2002). The appellate judgment was issued on November 19, 2002. Having exhausted his state remedies, Baker filed his federal habeas corpus petition in this court on August 29, 2003, arguing that the Board violated its own rules as well as Baker's federal constitutional rights in denying him parole.

## **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year statute of limitations period applies to a federal habeas corpus petition filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period runs from

the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The one-year limitations period applies to "all habeas petitions filed by persons in custody pursuant to the judgment of a State court, even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation and internal quotation marks omitted).

## **DISCUSSION**

Respondent Santos argues that this court should dismiss Baker's federal habeas corpus petition because Baker failed to file his petition within the one-year period prescribed by 28 U.S.C. § 2244. Baker does not challenge the assertion that his petition was untimely, but instead argues that this court should equitably toll the limitations period because he was confused as to the applicability of the limitations period to a petition challenging an administrative decision, and he relied on

3 - FINDINGS AND RECOMMENDATION

inadequate advice from counsel. In support of his argument to equitably toll the limitations period, Baker moves to expand the record. Although expanding the record is useful in this case, equitable tolling is inappropriate.

### I. Motion to Expand the Record.

Baker filed a Motion for Leave to Expand the Record (Docket No. 44) to include exhibits that Baker believes will aid this court in deciding whether to equitably toll the one-year limitations period in this case. Pursuant to Habeas Corpus Rule 7, this court expands the record to include Baker's exhibits. 28 U.S.C. § 2254 Rule 7.

### II. Equitable Tolling.

A state prisoner seeking to equitably toll the one-year limitations period bears the burden of proving that he pursued his rights diligently, and that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (recognizing that the AEDPA's statute of limitations provision is subject to equitable tolling).

Equitable tolling is justified in few cases. "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow rule." *Miranda*, 292 F.3d at 1066 (alteration in original; citation and internal quotation marks omitted). "Determining whether equitable tolling is warranted is a fact-specific inquiry," and the habeas petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal citations and quotation marks omitted).

Baker's proffered reasons for failing to timely file his federal habeas petition – confusion as to the applicability of the law, and inadequate advice from counsel – do not merit equitable tolling

in this case.

### A. Confusion as to the applicability of the law.

Baker argues that his confusion as to the applicability of the one-year limitations period to his petition challenging an administrative decision rather than a state court judgment under § 2244 amounts to an extraordinary circumstance warranting equitable tolling. Baker's argument is unavailing.

Baker was eligible to file his federal habeas corpus petition during two periods of time. The first period was between May 16, 2000, when the Board mailed its final decision, and November 13, 2000, when Baker filed his state habeas corpus petition. The second period was between November 19, 2002, when the state appellate judgment was issued, and August 29, 2003, when Baker ultimately filed his petition with this court.[1]

Baker contends that he did not file his federal habeas corpus petition during these periods of time because he was confused as to whether him challenging the Board's administrative decision brought his petition within the ambit of § 2244 and its one-year limitations period. During these periods of time, the Ninth Circuit had not determined whether the one-year statute of limitations applied to a petition challenging an administrative decision.[2] In addition, other circuits were split

---

[1] The one-year limitations period was statutorily tolled between November 13, 2000, and November 19, 2002, pending the adjudication of Baker's state habeas corpus petition. 28 U.S.C. § 2244(d)(2).

[2] The Ninth Circuit has since clarified this issue by holding that the one-year limitations period under § 2244 applies to habeas petitions challenging administrative decisions. *Shelby,* 391 F.3d at 1062 ("[Section] 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges an administrative decision rather than a state court judgment.").
   Prior to *Shelby*, the Ninth Circuit held that a petitioner's habeas corpus petition was untimely under § 2244(d)(1)(D) because the petitioner did not file it within one year of the board's denial of his administrative appeal. *Redd v. McGrath*, 343 F.3d 1077, 1085 (9th Cir. 2003). In so holding, the court assumed, without deciding, that the § 2244 limitations period applies to petitions challenging administrative decisions, and explained that the "factual predicate" for the purposes of § 2244(d)(1)(D) was the board's denial of the petitioner's administrative appeal. *Id.* at 1081-83.

5 - FINDINGS AND RECOMMENDATION

as to this issue. The Seventh Circuit held that the AEDPA's one-year limitations period did not apply to petitions contesting administrative decisions. *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). In contrast, the Second, Fourth, Fifth, and Tenth Circuits each held that the limitations period did apply to petitions challenging administrative decisions. *Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002).

But Baker has not met his burden of showing that he pursued his rights diligently by researching and noting the Ninth Circuit's silence and the circuit split. In other words, Baker has not put forth any evidence illustrating that, during the two periods of time when he was eligible to file his federal petition, he was confused as to whether the AEDPA's one-year limitations period applied to his petition challenging the Board's administrative decision. For instance, Baker's affidavit does not state that he researched the issue, discovered the Ninth Circuit's silence, and discovered that other circuits provided conflicting legal authority, thus causing his confusion. (*See* Petitioner's Ex. 5.) Without this evidence, this court cannot conclude that Baker pursued his rights diligently, and that an extraordinary circumstance stood in his way, thus warranting equitable tolling of the limitations period. *See Pace*, 125 S.Ct. at 1814.

### B. Inadequate advice of counsel.

Baker also argues that the Federal Public Defender's Office (the "public defender") gave him inadequate advice regarding the applicability of the AEDPA's limitations period to his case. Thus, this court should equitably toll the limitations period. Baker's argument is without merit.

Following the advice of the attorney handling his state habeas corpus petition, Baker

contacted the public defender in a letter dated October 15, 2002, to begin pursuing his federal habeas corpus petition. (Petitioner's Ex. 2.) Baker's letter states that he had exhausted his state remedies and thus wished to pursue federal relief. (*Id.*) The letter makes no mention of the fact that Baker intended to challenge the Board's administrative decision rather than a state court judgment. (*Id.*) The public defender responded to Baker in a letter dated October 29, 2002. (Petitioner's Ex. 3.) The letter instructs:

> You also should be aware that, pursuant to the habeas corpus legislation passed in 1996 (the Anti-Terrorism and Effective Death Penalty Act), there is a one year deadline in which to file a federal habeas corpus petition. The time begins to run from the date of denial of the direct appeal. Any time during which you are actively engaged in post-conviction or post-conviction appeal is, however, excluded from that one year period.

(*Id.*)

The public defender provided general information to Baker with the intention of alerting him to the necessity of filing before the limitations period ends. As Baker concedes, he did not inform the public defender that he intended to challenge the Board's administrative decision rather than a state court judgment. The public defender therefore had no reason to address in his letter to Baker whether the limitations period began after the Board's final decision. Baker cannot fail to notify the public defender of his intention to challenge an administrative decision, nevertheless require that the public defender provide him with legal advice that is relevant to the unique nature of his petition, and then use the allegedly inadequate advice from the public defender to justify equitably tolling the limitations period in this case. In effect, what amounts to Baker's unawareness of the limitations period is not an extraordinary circumstance entitling him to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000) (ignorance of the law or lack of knowledge of filing

deadlines does not justify equitable tolling of the AEDPA limitations period); *see also Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner not sufficient cause to avoid procedural bar).

Even if the public defender was aware that Baker intended to challenge the Board's decision, any negligently inadequate advice provided by the public defender does not warrant equitable tolling. Baker argues that the public defender's statement that, "The time begins to run from the date denial of the direct appeal," although a technically-correct capitulation of 28 U.S.C. § 2241(d)(1)(A), does not account for the relevant provision that the limitation period runs from Baker's discovery of the factual predicate of the claim pursuant to 28 U.S.C. § 2241(d)(1)(D). In other words, Baker argues that the public defender should have informed him that the limitations period began around May 16, 2000, the date the Board mailed its final decision. Instead, the public defender's letter intimates that the one-year limitations period began to run upon the adjudication of his state habeas corpus petition. Essentially, Baker contends that the public defender was negligent in providing him inadequate advice. But any alleged negligence by the public defender that caused Baker to make an untimely filing of his federal habeas corpus petition does not warrant equitable tolling. *See Spitsyn*, 345 F.3d at 800 (Equitable tolling is not warranted in a non-capital case where attorney negligence causes the untimely filing of a federal habeas petition, although egregious conduct may warrant tolling.).

## **RECOMMENDATION**

Pursuant to Habeas Corpus Rule 7, Baker's Motion for Leave to Expand the Record (Docket No. 44) should be GRANTED. Equitable tolling of the AEDPA one-year limitations period is not appropriate in this case. Accordingly, Baker's Petition for Writ of Habeas Corpus (Docket No. 2)

should be DENIED as untimely, and this action should be DISMISSED.

## **SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 28, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 14 days, and the review of the Findings and Recommendation will go under advisement on that date or when the response is filed, whichever occurs first.

Dated this 14th day of October, 2005.

       /s/ Donald C. Ashmanskas
       Donald C. Ashmanskas
       United States Magistrate Judge